Heilman, Appellant, v. Rutherford.

596

Submitted October 26, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Becker & Ehrgood,* for appellant.

*Eugene D. Siegrist,* for appellee.

Opinion by Keller, J., January 28, 1932:

This is an appeal by plaintiff from an order of the lower court opening a judgment entered by confession and letting the defendant into a defense. The judgment note on which it was based was given for the balance due on a quantity of neo salvarsan sold by plaintiff to defendant. Briefly summarized, the petition to open alleged that this drug had been smuggled into the United States and sold in violation of the legal rights of the licensed distributor in this country and of the rules and regulations of the United States Public Health Service, and was contraband; and that the plaintiff was cognizant of these facts at the time he sold it to defendant and that the latter was ignor-

ant of them; and that to avoid complications with the Government the defendant had destroyed most of the shipment, and all that was in his possession, when he became satisfied of the illegality involved.

The depositions sufficiently support the contention of the defendant as to the illegal importation and sale of the drug in question and warrant the inference that the plaintiff was aware of this illegality when the sale and delivery were made.

Plaintiff contends, however, that defendant had knowledge of any illegality affecting the transaction when he made the purchase, and certainly knew of it prior to the giving of the judgment note, which occurred a year or two later. Defendant admitted that one of his customers, to whom he sold some of the drug, had refused to pay for it on the ground of its illegal importation and sale, but as pointed out by the court below, the information might have been only the invention of an unscrupulous purchaser seeking to evade payment, and the giving of the note by defendant before he had fully satisfied himself of the illegality of the importation and sale did not, of itself, make him a guilty party to the illegal transaction.

Consideration of the depositions on both sides has failed to convince us that the lower court abused its discretion in opening the judgment. A fuller review of the facts leading up to and attending the sale of the drug, than is possible from the depositions already taken, and the finding of a jury on the matters in dispute between the parties and the inferences to be drawn from the facts thus determined, may be helpful in arriving at a just conclusion.

The order is affirmed.